MISSOURI CIRCUIT COURT
TWENTY-SECOND JUDICIAL CIRCUIT
(City of St. Louis)

MARC ELLIOT,                                )
                                            )
     Plaintiff,                             )
                                            )
                                            )   **COMPLAINT FOR DAMAGES**
     v.                                     )
                                            )   Case No. 2322-CC09423
                                            )
HBO HOME ENTERTAINMENT CORP.                )
a Delaware corporation; JEHANE NOUJAIME,    )
an individual; KARIM AMER, an individual;   )
THE OTHRS, LLC, a Florida limited liability )
company; THE OTHRS LICENSING CORP.,         )
a Florida corporation; The Square, LLC, a   )
New York limited liability company;         )
ISABELLA CONSTANTINO, an individual;        )
JOHN DOES 1-10.                             )

## COMPLAINT

Plaintiff Marc Elliot, *pro se*, files this COMPLAINT and alleges as follows:

### JURISDICTION AND VENUE

1. Jurisdiction and venue are proper and lie with Court pursuant to **Mo. Rev. Stat. §** 508.010.

### PARTIES

2. Plaintiff Marc Elliot is a resident of Missouri and was at all times relevant to this Complaint. Plaintiff Marc Elliot currently resides at 5655 Pershing Ave, Apt 529, St. Louis, MO 63112.

3. Defendant HBO Home Entertainment (HBO) is a Delaware corporation. HBO broadcast *The Vow* for commercial gain. Upon information and belief the Defendant HBO's

1

registered agent is The Corporation Trust Company located at Corporation Trust Center 1209 Orange St, Wilmington, DE 19801.

4. Defendant Jehane Noujaim, upon information and belief, is a resident of New York. Noujaim is a coproducer and director of *The Vow*. Noujaim "personally directed most of Part II's episodes herself." See Sam Adams, *The Vow's Co-Creator on Why It Was Never Just a "Sex Cult" Documentary*, Slate, November 21, 2022, https://slate.com/culture/2022/11/vow-nxivm-keith-raniere-season-2-finale.html. Upon information and belief the Defendant Jehane Noujaim lives at 14 E. 4th, Unit 1107, New York, 10002.

5. Defendant Karim Amer, upon information and belief is a resident of New York. Amer is a coproducer and director of *The Vow*. Upon information and belief the Defendant Karim Amer lives at 14 E. 4th, Unit 1107, New York, 10002.

6. Noujaim and Amer were spouses at all times relevant to this Complaint.

7. Defendant The Othrs LLC (a Florida limited liability company) controlled by Defendants Noujaim and Amer created specifically to facilitate the filming and distribution of rights to *The Vow* for commercial gain. Upon information and belief the Defendant The Othrs LLC's registered agent is Lee J. Osiason and is located at 201 Alhambra Circle, Suite 1205, c/o Lee J. Osiason, Coral Gables, FL 33134.

8. Defendant The Othrs Licensing Corp. (a Florida corporation) controlled by Defendants Noujaim and Amer created specifically to facilitate the filming and distribution of rights to *The Vow* for commercial gain. Upon information and belief the Defendant The Othrs Licensing Corp's registered agent is Lee J. Osiason and is located at 201 Alhambra Circle, Suite 1205, c/o Lee J. Osiason, Coral Gables, FL 33134

9. Defendant The Square, LLC (a New York limited liability company) is controlled by Defendants Noujaim and Amer and is listed as the "Producer" in Release Agreement. Upon information and belief the Defendant The Square, LLC's registered agent is Lisa Wisely and is located at 160 Van Brunt St., Third FL, Brooklyn, NY 11231

10. Defendant Isabella Constantino is a New York resident. Upon information and belief the Defendant Isabella Constantino lives at 625 Lafayette Ave, Buffalo, NY 14222.

11. Defendant John Does 1-10 are unknown to the Plaintiff at this time. Plaintiff, upon information and belief states that others materially assisted named Defendants in violating his right of publicity as alleged in the Complaint. Such Doe defendants are likely to be identified in discovery and will be named in their legal capacity upon such being ascertained by Plaintiff.

## FACTS

12. Plaintiff was a member of a self-help organization known as NXIVM which practiced talk therapy and provided self-help courses which he found useful in overcoming his Tourette's Syndrome..

13. Defendant Noujaime specifically addressed the NXIVM approach to dealing with Tourette's directly targeting Plaintiff based on his experience with NXIVM. See Sam Adams, *The Vow*'s Co-Creator on Why It Was Never Just a "Sex Cult" Documentary, Slate, November 21, 2022, https://slate.com/culture/2022/11/vow-nxivm-keith-raniere-season-2-finale.html.

14. NXIVM was co-founded by Keith Raniere.

15. Raniere was involved in a legal battle with the United States government and was ultimately charged and convicted of federal criminal charges.

16. Raniere's criminal case and that of several famous co-defendants brought attention and publicity to NXIVM.

17. Raniere's criminal case culminated in a high-profile jury trial in the Eastern District of New York in 2019.

18. Nine weeks before Raniere's trial the Government alleged they had found child pornography on a hard drive seized during a search of Raniere's residence.

19. This created even greater attention to the case, brought new charges against Raniere, and led Raniere's co-defendants to plead guilty.

20. Raniere is currently challenging his conviction on grounds of newly discovered evidence, supported by seven forensics experts, that the metadata of the alleged child pornography evidence, which aged the subject of photos to 15, was extensively doctored, and multiple government personnel appear to be involved in this fraud. See *United States v. Raniere*, 18-cr-204, Eastern District of New York, ECF. Nos 1169, 1176, 1192, 1213, and 1223.

21. As a result of this publicity, Defendants Noujaim and Amer, who are documentary filmmakers, began production of a documentary, eventually to become known as *The Vow*, about NXIVM on or about May of 2017.

22. Defendants Noujaim and Amer control, manage and own the companies responsible for producing, directing, filming and distributing their documentaries, including *The Vow*.

23. The companies controlled by Defendants Noujaim and Amer include The Othrs LLC, The Othrs Licensing Corp., The Square LLC (collectively "Othrs") which are each named as a defendant in the action.

24. On or about October 2017 through February 2018, Plaintiff engaged in a call transmitted over technology utilized in interstate commerce with Defendant Isabella Constantino concerning NXIVM (the "Constantino call").

25. Defendant Constantino knew that Plaintiff was unaware of the filming of the call, had not given consent for the airing of the call, and that such audio and visual production would be used by other defendants for commercial gain

26. Plaintiff was approached by Defendants Noujaim and Amer to participate in Season 2 of *The Vow* on or about July 11, 2020.

27. Plaintiff sent the signed Release Agreement to Defendants Noujaim and Amer by email on September 18, 2020. See Exhibit 1.

28. The operative language of the Agreement stated "*I consent and give my permission to The Square LLC (the "Producer," which, as referenced in this consent and release, includes the Producer's affiliates, successors, licensees and assigns), to interview, film, photograph and record me starting July 11th, 2020 (collectively, the "Footage"), in*

29. *connection with the Forgotten Ones movement, and to use the Footage and my name, voice, likeness and biography in Producer's documentary series about NXIVM (the "Documentary Series").*

30. The agreement specifically addressed only those times after July 11, 2020.

31. Defendants Noujaim and Amer knew, at the time Plaintiff signed the release, that the 2018 Constantino call footage existed.

32. Defendants Noujaim and Amer used professional videography and sound equipment to video and audio record the call with Constantino's permission intending to use it in a commercially produced and released documentary about NXIVM and its members.

33. Defendants Noujaim and Amer never disclosed the existence of the Constantino call to Plaintiff and it was only upon the airing of season 2, episode 3 of *The Vow* that Plaintiff became aware of its existence.

34. Plaintiff never provided knowing and voluntary consent to Defendants Noujaim and Amer of Defendant HBO or any of their agents to air the Constantino call footage.

35. Defendants Noujaim and Amer began filming Plaintiff on July 11, 2020, and continued through on or about September 2021.

36. HBO entered into an agreement with Defendants Noujaim and Amer and their companies to air *The Vow* for compensation.

37. Upon information and belief, HBO's legal department reviewed the episodes prior to airing and also reviewed Plaintiff's Release Agreement.

38. Plaintiff appeared in *The Vow* season two, episode three which aired on October 31, 2022 on HBO behind a paywall for commercial gain.

39. *The Vow* is available for viewing behind a paywall and has been at all times relevant to this Complaint in Missouri.



40. The episode which includes Plaintiff, as referenced by paragraph 38 above, continues to air on HBO and is currently available behind a paywall for viewing by the general public, making exhibition use for commercial gain.

41. Plaintiff was located in New York during the Constantino call.

42. Upon information and belief, Constantino was located in New York when the Constantino call was recorded.

43. New York is a one-party consent state with relation to wiretapped conversations transmitted electronically.

44. Without Plaintiff's knowledge or consent the call with Constantino was recorded by videographic and audio means.

45. Plaintiff had and continues to have an expectation of privacy in the Constantino call.

46. Upon information and belief, Constantino permitted John Doe defendants to record the call for future use in a video documentary production about NXIVM which was produced and broadcast as *The Vow*.

47. Upon information and belief, Constantino and the Doe defendants knew that Plaintiff did not consent to the recording and did not waive any right to privacy in his voice, name and identification for the commercial use of the recording either by video or audio production.

48. There is no consent and release from Plaintiff to any party that waives his right to privacy in the Constantino call.

49. Upon information and belief, Defendant HBO reviewed the July 11, 2022 Release Agreement signed by Plaintiff and knew that the Constantino call was not covered by the agreement.

50. Upon information and belief, Defendants The Square LLC (State LLC), The Othrs LLC (a Florida LLC), and The Othrs Licensing Corp. (a Florida corporation) by and through their members Defendants Noujaim and Amer solicited and marketed the broadcast of *The Vow* specifically season two, episode three to Defendant HBO including the Constantino call broadcast to the public without Plaintiff's consent.

51. Upon information and belief, the Defendants collectively conspired to broadcast the Constantino call in violation of Plaintiff's right to privacy with full knowledge that Plaintiff had neither consented nor waived his right to privacy in the call.

52. Defendants individually and collectively gained a commercial advantage from the use of Plaintiff's name, identity and voice without his consent.

## COUNT I RIGHT OF PUBLICITY AS TO ALL DEFENDANTS

53. Paragraphs 1 through 51 are incorporated by reference as if more fully stated herein.

54. Plaintiff has a right to privacy and a right of publicity in Missouri. See *Doe v. TCI Cablevision*, 110 S.W.3d 363 (Mo. 2003).

55. Plaintiff has a statutory right of privacy in New York to his name, portrait, picture, or voice being used in a film or television production. See N.Y. Civ. Rights Law § 51.

56. Defendants, jointly and severally, used Plaintiff's voice, likeness and name to gain a commercial advantage for profit in a video production, *The Vow*, aired on HBO beginning on October 31, 2022 and continuing to present.

57. *The Vow* was a commercial success continuing to generate revenue for the Defendants, as acknowledged by Defendant Noujaim on her Facebook page.









58. Plaintiff was damaged by the publication, without his consent, of the Constantino call.

### COUNT II CIVIL CONSPIRACY AS TO ALL DEFENDANTS

59. Paragraphs 1 through 57 are incorporated by reference as if more fully stated herein.

60. Defendants conspired, aided and abetted and otherwise colluded with each other individually and collectively to knowingly collect and publish for commercial gain the identity, likeness and voice of Plaintiff without his consent or any legal justification.

61. Defendants conspired with an unlawful objective to broadcast Plaintiff's identity and voice in season two, episode three of *The Vow* in order to increase publicity and continue their commercial gain with knowledge that Plaintiff had not consented to his identity and likeness from the Constantino call being broadcast.

62. Upon information and belief, Defendants collaborated jointly and severally to publish the identity and voice of Plaintiff without his consent in relation to the Constantino call by in person meetings and electronic means.

63. Defendants engaged in the overt act of publishing the Constantino call without the consent of Plaintiff by inducing Plaintiff to consent to filming and use of his likeness, name, image and voice on or after July 11, 2020, with full knowledge of the Constantino call.

64. Plaintiff was damaged by the publication, without his consent, of the Constantino call.

**WHEREFORE,**

1. Plaintiff demands a trial by jury.
2. Plaintiff seeks an award of damages in excess of $75,000 to be determined by proof at trial against each and every Defendant, jointly and severally.
3. All other remedies allowed by law.

**DATED** this 31st day of October 2023.

Sworn to and subscribed before me this 31st date of October, 2023.
Witness my hand and official seal.
Notary Public _Barbara Renfrow_

BARBARA D. RENFROW
Notary Public - Notary Seal
State of Missouri
Commissioned for St. Louis City
My Commission Expires: May 31, 2024
Commission Number: 20606492

Respectfully submitted,

_Marc Elliot_
Marc Elliot
Defendant, *pro se*
5655 Pershing Ave, Apt 529
St. Louis, MO 63112
marc@marcelliot.com
314-252-0579

11