IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARC ELLIOT,<br><br>               Plaintiff,<br>v.<br><br>HBO HOME ENTERTAINMENT CORP., a Delaware Corporation; JEHANE NOUJAIME, an individual; KARIM AMER, an individual; THE OTHRS, LLC, a Florida limited liability company; THE OTHRS LICENSING CORP., a Florida corporation; THE SQUARE, LLC, a New York limited liability company; ISABELLA CONSTANTINO, an individual; JOHN DOES 1–10,<br><br>               Defendants. | Case No. 4:23-cv-01611 |

## **DEFENDANTS' MOTION TO DISMISS OR TRANSFER VENUE**

COME NOW Defendants Home Box Office, Inc. (incorrectly sued as "HBO Home Entertainment Corp."); Jehane Noujaim (incorrectly sued as "Jehane Noujaime"); Karim Amer; The Othrs Licensing Corp.; The Othrs, LLC; The Square, LLC; and Isabella Constantino, by and through undersigned counsel, and move for dismissal under Federal Rules of Civil Procedure 12(b)(2), 12(b)(3), and 12(b)(6).  Alternatively, Defendants move that the case be transferred to the Southern District of New York pursuant to 28 U.S.C. §§ 1404(a) and 1406(a).  In support of their motion, Defendants incorporate by reference their memorandum of law and the declarations of Isabella Constantino, Lisa Heller (with Exhibit A), Samantha Grande, Jehane Noujaim, and Karim Amer.  In further support of their motion, Defendants respectfully state:

1. This Court lacks personal jurisdiction over Defendants because (1) no Defendant is "essentially at home" in the State of Missouri, *see Daimler AG v. Bauman*, 571 U.S.

117, 127 (2014), and (2) no Defendant has any contacts with the State of Missouri that are related to this action and are sufficient to justify an exercise of specific jurisdiction over them under the Due Process Clause, *Ford Motor Co. v. Mont. Eighth Jud.l Dist. Ct.*, 141 S. Ct. 1017, 1025 (2021). As explained further in Defendants' memorandum in support of this motion, specific personal jurisdiction is also improper under Missouri's long-arm statute because Plaintiff fails to allege that his claims arise from any tortious or commercial conduct by any Defendant that occurred in or was directed toward Missouri. *See* Mo. Rev. Stat. § 506.500.

2. Because the Court lacks personal jurisdiction over Defendants, and because Defendants have not consented to personal jurisdiction or entered any previous responsive pleading in this action, dismissal is warranted under Federal Rule of Civil Procedure 12(b)(2).

3. Venue is also improper in this case because none of the conduct giving rise to the claims occurred in Missouri, and the factors relevant to determining proper venue demonstrate that venue is improper in the Eastern District of Missouri but proper in the Southern District of New York. *See Woodke v. Dahm*, 70 F.3d 983, 985 (8th Cir. 1995).

4. Because venue is improper in the Eastern District of Missouri, and because Defendants have not consented to venue here or entered any previous responsive pleading in this action, dismissal is warranted under Federal Rule of Civil Procedure 12(b)(3).

5. Alternatively, because this action could have been brought in the Southern District of New York and the interests of justice favor litigating this matter in the Southern

District of New York, transfer of venue is proper under 28 U.S.C. §§ 1404(a) or 1406(a).

6. Plaintiff's Complaint also fails to state a claim upon which relief can be granted on multiple grounds. First, Plaintiff signed a valid agreement that prohibits him from bringing the claims asserted in his Complaint. *See* Dkt. 7-1 (Consent and Release). Plaintiff's right of publicity claim is also defective he gave written consent for the use of his name and voice, *id.*, and because the use of his name and voice in an expressive work is protected by the First Amendment and state law. Finally, Plaintiff fails to state a claim for civil conspiracy because the underlying right of publicity claim is not viable.

7. Therefore, if the Court determines that it has personal jurisdiction over Defendants, that venue is proper, and that transfer is unwarranted, Defendants alternatively move for dismissal of Plaintiff's complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

WHEREFORE Defendants Home Box Office, Inc.; Jehane Noujaim; Karim Amer; The Othrs Licensing Corp.; The Othrs, LLC; The Square, LLC; and Isabella Constantino respectfully request that this Court dismiss Plaintiff's Complaint for lack of personal jurisdiction or improper venue, transfer this action to the United States District Court for the Southern District of New York, or dismiss Plaintiff's complaint for failure to state a claim upon which relief can be granted.

Dated: January 12, 2023

Respectfully submitted,

BALLARD SPAHR LLP

By:   */s/ Elizabeth Seidlin-Bernstein*
Elizabeth Seidlin-Bernstein (*pro hac vice*)
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
Telephone: 215.665.8500
Facsimile: 215.864.8999
seidline@ballardspahr.com

LEWIS RICE LLC
Joseph E. Martineau (#32397MO)
Kolten C. Ellis (#74451MO)
600 Washington Avenue, Suite 2500
St. Louis, MO 63101
Telephone: 314.444.7600
Facsimile: 314.612.2042
jmartineau@lewisrice.com
kellis@lewisrice.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of January, 2024, a copy of the foregoing Motion to Dismiss or Transfer, with the accompanying memorandum of law and declarations of Isabella Constantino, Lisa Heller, Samantha Grande, Jehane Noujaim, and Karim Amer, was filed electronically. Notice of this filing will be sent via the Court's electronic filing system, and Exhibit A to the Declaration of Lisa Heller will be sent by Federal Express, to all counsel of record and to the party listed below:

Marc Elliot
5655 Pershing Ave, Apt. 529
St. Louis, MO 63112
Telephone: (314) 252-0579
marc@marcelliot.com

*Plaintiff, pro se*

                                           */s/ Elizabeth Seidlin-Bernstein*