IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARC ELLIOT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.  4:23-cv-01611-SEP |
| ) | |
| HBO HOME ENTERTAINMENT CORP. ) | |
| a Delaware corporation; JEHANE NOUJAIME, ) | |
| an individual; KARIM AMER, an individual; ) | |
| THE OTHRS, LLC, a Florida limited liability ) | |
| company; THE OTHRS LICENSING CORP., ) | |
| a Florida corporation; The Square, LLC, a ) | |
| New York limited liability company; ) | |
| ISABELLA CONSTANTINO, an individual; ) | |
| JOHN DOES 1-10. ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS'
MOTION TO DISMISS OR TRANSFER VENUE**

Defendants have filed a Motion to Dismiss or Transfer Venue alleging in support of dismissal Fed. R. Civ. P. 12(b)(2), 12(b)(3), and 12(b)(6). The Defendants have cited to each of the Rules requiring a violation of each by use of the conjunctive "and." Defendants' Motion to Dismiss or Transfer Venue ("Motion") at 1. Defendants attempt to make this suit about NXIVM and its convicted leader Keith Raniere. It is not. This case is about the unlawful use of plaintiff's voice and name in an episode of *The Vow* which predates the arrest of Raniere and certainly predates the date of the execution of the consent form plaintiff signed in July 2020. Nothing more and nothing less.

1

## I. Personal Jurisdiction

Defendants allege that HBO Home Entertainment Corp. is the wrong legal entity to be named as a defendant in this suit, claiming Home Box Office, Inc. ("HBO") is the proper entity. Defendants further claim that HBO is not within the personal jurisdiction of this Court. HBO Home Entertainment is a directly managed subsidiary of HBO. See Ex. A (Securities and Exchange Commission Filing Exhibit 21 dated December 31, 2017.) HBO Home Entertainment is registered as a foreign corporation authorized to do business in Missouri. See Ex. B (2023 Missouri Annual Registration Report).

HBO Home Entertainment's managed subsidiary status of HBO is sufficient to invoke the personal jurisdiction of this Court. HBO's Securities and Exchange Commission 10-Q filing dated April 26, 2018, states in pertinent part "***Home Box Office.*** The Home Box Office segment consists of businesses managed by Home Box Office, Inc. ("Home Box Office")" (emphasis in original) (available at https://www.sec.gov/Archives/edgar/data/1105705/000119312518134094/d585869d10q.htm#:~:text=Home%20Box%20Office.,Operating%20Income%20of%20%24516%20million; last visited Feb. 9, 2021)

Defendants who are engaged in a co-venture, as the defendants are here, are subject to the personal jurisdiction of this Court when one of the co-venturing defendants is found to be subject to personal jurisdiction. The allegation of a civil conspiracy amongst the defendants strengthens the argument for this Court to exercise such personal jurisdiction. See *In re Genetically Modified Rice Litigation*, 576 F. Supp. 2d 1063, 1073-1076 (E.D. Mo. 2008). This Court should exercise personal jurisdiction over each of the defendants.

## II.     Failure to State a Claim

Defendants allege that plaintiff has failed to state a claim upon which relief can be granted. When deciding a motion to dismiss under Rule 12(b)(6), the Court must assume that all material facts alleged in the complaint are true. See *American Cleaners Laun. v. Textile Processors*, 482 F. Supp. 2d 1103, 1110 (E.D. Mo. 2007) (The court must view all facts and inferences in the light most favorable to the non-moving party and "may dismiss the complaint only if it is clear that no relief can be granted under any set of facts that could be proved consistent with the complaint." *McMorrow v. Little*, 109 F.3d 432, 434 (8th Cir. 1997); *Stone Motor Co. v. Gen. Motors Corp.*, 293 F.3d 456, 464 (8th Cir. 2002). Thus, as a practical matter, a dismissal under Rule 12(b)(6) should be granted "only in the unusual case in which a plaintiff includes allegations that show, on the face of the complaint, that there is some insuperable bar to relief." *Strand v. Diversified Collection Serv., Inc.*, 380 F.3d 316, 317 (8th Cir. 2004). The issue on a motion to dismiss is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his or her claim. *Schuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

Plaintiff has sufficiently alleged facts which if true state a cause of action for which relief must be granted. Those facts in a nutshell are 1) Plaintiff's voice and name were used in an episode of *The Vow* broadcast by HBO and produced by the other defendants to the public on a subscription only platform; 2) Plaintiff's phone call in question pre-dated the consent and waiver he signed in July 2020; and 3) the phone call was private and occurred at a time prior to the arrest of Raniere and any criminal trial. Plaintiff had no knowledge of this phone call when he signed the consent and waiver in July 2020. Had the waiver been effective for all time, there would have been no start date listed, but an all-encompassing phrase such as "from the beginning

3

of time." The Plaintiff was not in a public place and could not be overheard by any third party, much less expect his private conversation to be broadcast to millions of HBO subscribers without his knowledge and consent. This is evidenced by the fact the defendants sought a waiver of the very acts complained of prior to the effective date of the waiver. Without such a waiver defendants would not have aired any content involving plaintiff. Plaintiff notes this only because defendants have argued this in their Motion. These facts are clearly contested by the parties and are not subject to a motion to dismiss, or even summary judgment, but to a trial by the finder of fact.

III. **Consent and Waiver to New York Jurisdiction**

Defendants argue that the consent and waiver set the courts of New York as the proper venue for any legal action arising out of the production and airing of *The Vow*. However, because the consent and waiver did not encompass the complained of action occurring before the July 11, 2020 effective date, it is not binding on jurisdiction of this action, as such the Eastern District of Missouri is the proper forum.

IV. **Failure to Perfect Service**

Defendant Noujaim alleges in her Declaration that she was not properly served in this action. See Declaration of Jehane Noujaim at ¶ 3. The Motion to Dismiss sets forth no claim related to failure to perfect service, therefore such claim is deemed waived. See *Hammer & Steel, Inc. v. Mienergy, Inc.,* 4:23-cv-01343-SRC (E.D. Mo. Nov. 30, 2023) at 4-5. As such Defendant Noujaim has waived service and is within the jurisdiction of this Court.

V.     **Conclusion**

For the reasons set forth above Plaintiff respectfully requests this Court to deny Defendants' Motion to Dismiss or Transfer Venue in its entirety, exercise personal jurisdiction over each of the named defendants, and set the matter for a scheduling conference.

**DATED** this 9th day of February 2024.

<div style="text-align:right">

Respectfully submitted,

_____
Marc Elliot
Defendant, *pro se*
5655 Pershing Ave, Apt 529
St. Louis, MO 63112
marc@marcelliot.com
314-252-0579

</div>

## CERTIFICATE OF SERVICE

Defendant has provided a copy of this Response by filing with the Clerk of this Court and the subsequent service by email through the Court's electronic Case Management/Electronic Filing System.

**DATED** this 9th day of February 2024.

<div style="text-align:right">

Respectfully submitted,

_____
Marc Elliot
Defendant, *pro se*

</div>

# EXHBIT A

EXHIBIT 21

**SUBSIDIARIES OF TIME WARNER INC.**

Time Warner Inc. ("Time Warner") maintains approximately 900 subsidiaries. Set forth below are the names of certain controlled subsidiaries, at least 50% owned, directly or indirectly, of Time Warner as of December 31, 2017, that carry on a substantial portion of Time Warner's lines of business. The names of various consolidated wholly owned subsidiaries have been omitted. The omitted subsidiaries, when considered in the aggregate as a single subsidiary, would not constitute a significant subsidiary as of December 31, 2017.

| Name | State or Other Jurisdiction of Incorporation |
|---|---|
| Time Warner Inc. (Registrant) | Delaware |
|   Historic AOL LLC | Delaware |
|   Historic TW Inc. | Delaware |
|     Turner Broadcasting System, Inc. | Georgia |
|       Bleacher Report, Inc. | Delaware |
|       Cable News Network, Inc. | Delaware |
|         Cable News International, Inc. | Delaware |
|         CNN America, Inc. | Delaware |
|         CNN Interactive Group, Inc. | Delaware |
|           Great Big Story, LLC | Georgia |
|       CNN Newsource Sales, Inc. | Georgia |
|       Imagen Satelital S.A. | Argentina |
|       iStreamPlanet Co., LLC | Delaware |
|       Turner Broadcasting Sales, Inc. (dba The Turner Network) | Georgia |
|       Turner International, Inc. | Georgia |
|       Turner International Latin America, Inc. | Georgia |
|         CNN Chile Canal De Television Limitada | Chile |
|           Red de Television Chilevision S.A. | Chile |
|         TopSports Ventures Ltda. | Brazil |
|       Turner Entertainment Networks, Inc. | Georgia |
|         Courtroom Television Network LLC (dba truTV) | New York |
|         Superstation, Inc. | Georgia |
|           Super Deluxe, LLC | California |
|         TEN Network Holding, Inc. | Delaware |
|           The Cartoon Network, Inc. | Delaware |
|             Boomerang Plus, LLC | Georgia |
|           Turner Classic Movies, Inc. | Delaware |
|             TCM Interactive Group, Inc. (dba FilmStruck) | Delaware |
|           Turner Network Television, Inc. | Delaware |
|         Turner Broadcasting System Asia Pacific, Inc. | Georgia |
|           Turner International India Private Ltd. | India |
|       Turner Network Sales, Inc. (dba Turner Content Distribution) | Georgia |
|       Turner Sports, Inc. | Georgia |
|     TW Interactive Media Holdings Inc. | Delaware |
|     Warner Communications LLC | Delaware |
|       DC Comics (partnership) | New York |
|       E.C. Publications, Inc. | New York |
|       Home Box Office, Inc. | Delaware |
|         HBO Digital Services, Inc. | Delaware |
|         HBO Europe Holdings, Inc. | Delaware |
|         HBO Home Entertainment, Inc. | Delaware |

| Entity | Jurisdiction |
|---|---|
|     HBO Latin America Holdings LLC | Delaware |
|     HBO Pacific Partners V.O.F. | Curaçao |
|     HBO Service Corporation | Delaware |
| TW UK Holdings Inc. | Delaware |
|     Time Warner Limited | United Kingdom |
|         Time Warner Entertainment Limited | United Kingdom |
|             Rocksteady Studios Limited | United Kingdom |
|             Warner Bros. Studios Leavesden Limited | United Kingdom |
|         TT Games Limited | United Kingdom |
|         Turner Entertainment Networks International Limited | United Kingdom |
|             Turner Broadcasting System Europe Limited | United Kingdom |
|                 EDA Televizyon Yayincilik ve Produksiyon AS | Turkey |
|                 TBS Istanbul Yayincilik ve Produksiyon AS | Turkey |
|                 Turner Broadcasting System Deutschland GmbH | Germany |
|                 Turner Nordic & Baltic AB | Sweden |
|                 Turner Broadcasting System Italia Srl | Italy |
|                 Turner Broadcasting System France SAS | France |
|         Warner Bros. International Television Production Limited | United Kingdom |
|             Warner Bros. Television Production UK Limited | United Kingdom |
| TW Ventures Inc. | Delaware |
|     Blue Ribbon Content Inc. | Delaware |
|     Castle Rock Entertainment | California |
|     Stage 13 Inc. | California |
|     Warner Bros. (F.E.), Inc. | Delaware |
|     Warner Bros. (South), Inc. | Delaware |
| Warner Bros. Entertainment Inc. | Delaware |
|     Burbank Television Enterprises LLC | Delaware |
|         Alloy Media Holdings, L.L.C. | Delaware |
|             Alloy Entertainment, LLC | Delaware |
|         Shed Media US Inc. | Delaware |
|         Telepictures Productions Inc. | Delaware |
|         Warner Bros. International Television Distribution Inc. | Delaware |
|         Warner Bros. Worldwide Television Distribution Inc. | Delaware |
|         Warner Horizon Television Inc. | Delaware |
|         WBTV Distribution Inc. | Delaware |
|     Ellen Digital Ventures | California |
|     Flixster, Inc. | Delaware |
|     Hanna-Barbera Productions, Inc. | Delaware |
|     New Line Cinema LLC | Delaware |
|         New Line Distribution, Inc. | California |
|         New Line Productions, Inc. | California |
|         New Line Theatricals, Inc. | New York |
|     Time Warner (Barbados) Holdings SRL | Barbados |
|         Time Warner (Barbados) Licensing SRL | Barbados |
|         Warner Bros. Entertainment Nederland B.V. | Netherlands |
|             Warner Bros. Entertainment España S.L.U. | Spain |
|             Warner Bros. Entertainment France S.A.S. | France |
|         Warner Bros. Entertainment GmbH | Germany |
|         Warner Bros. Entertainment Italia S.R.L. | Italy |
|         Warner Bros. Entertainment Switzerland GmbH | Switzerland |
|         Warner Bros. Entertainment UK Limited | United Kingdom |
|         Warner Bros. International Television Production Holding B.V. | Netherlands |
|             Eyeworks Scandinavia A.B. | Sweden |

Case 1:24-cv-07879-JPC-KHP    Document 34    Filed 02/09/24    Page 10 of 12

| Entity | Jurisdiction |
|---|---|
|     Warner Bros. International Television Production België BVBA | Belgium |
|     Warner Bros. International Television Production España, S.L. | Spain |
|     Warner Bros. International Television Production New Zealand Limited (formerly Warner Bros. International Television Production Operations New Zealand Limited and Eyeworks New Zealand Limited) | New Zealand |
|         Warner Bros. International Television Production Australia Pty Ltd | Australia |
|     Warner Bros. International Television Production Holding Deutschland GmbH | Germany |
|     Warner Bros. International Television Production Holding Nederland B.V. | Netherlands |
|     Warner Bros. Japan LLC | Japan |
| Turner Entertainment Co. | Delaware |
| Warner Bros. Animation Inc. | Delaware |
| Warner Bros. Consumer Products Inc. | Delaware |
| Warner Bros. Enterprises LLC | Delaware |
|     Warner Bros. Distributing Inc. | Delaware |
|     Warner Bros. Technical Operations Inc. | Delaware |
|     Warner Specialty Films Inc. | Delaware |
|     WB Studio Enterprises Inc. | Delaware |
| Warner Bros. Entertainment Australia Pty Limited | Australia |
| Warner Bros. Entertainment Canada Inc. | Canada |
| Warner Bros. Home Entertainment Inc. | Delaware |
| WB Games Inc. | Washington |
|     Turbine, Inc. | Delaware |
|     WB Games Montreal Inc. | Canada |
| Warner Bros. (Korea) Inc. | Korea |
| Warner Bros. Master Distributor Inc. | Delaware |
|     Warner Bros. Digital Networks Inc. | Delaware |
|         Machinima, Inc. | Delaware |
|     Warner Bros. Digital Networks Labs Inc. (formerly DramaFever Corp.) | Delaware |
|     WB Communications Inc. | Delaware |
|         Boomerang Plus, LLC | Georgia |
| Time Warner Enterprise Infrastructure Services LLC | Delaware |
| Time Warner International Finance Limited | United Kingdom |
| Time Warner Realty Inc. | Delaware |
| TW AOL Holdings LLC | Virginia |
|     Turner Japan K.K. | Japan |
| Time Warner Media Holdings B.V. | Netherlands |
| TW NY Properties LLC | Delaware |

# EXHBIT B

John R. Ashcroft Secretary of State
2023 ANNUAL REGISTRATION REPORT
BUSINESS

**F001324009**
**Date Filed: 4/13/2023**
**John R. Ashcroft**
**Missouri Secretary of State**

\*SECTION 1, 3 & 4 ARE REQUIRED

REPORT DUE BY:  4/30/2023

RENEWAL MONTH: JANUARY

☐ I OPT TO CHANGE THE CORPORATION'S RENEWAL MONTH TO  FOR A $25.00 FEE

F001324009
HBO Home Entertainment, Inc.
C T CORPORATION SYSTEM
120 SOUTH CENTRAL AVE
CLAYTON MO  63105

**1** PRINCIPAL PLACE OF BUSINESS OR CORPORATE HEADQUARTERS:

30 Hudson Yards           (Required)
STREET
New York    NY     10001-2170
CITY / STATE            ZIP

**2** If changing the registered agent and/or registered office address, please check the appropriate box(es) and fill in the necessary information.
☐ The new registered agent _____
IF CHANGING THE REGISTERED AGENT, AN ORIGINAL WRITTEN CONSENT FROM THE NEW REGISTERED AGENT MUST BE ATTACHED AND FILED WITH THIS REGISTRATION REPORT.
☐ The new registered office address _____
Must be a Missouri address, PO Box alone is not acceptable. This section is not applicable for Banks, Trusts and Foreign Insurance.

**3** 

**A** OFFICERS — NAME AND PHYSICAL ADDRESS (P.O. BOX ALONE NOT ACCEPTABLE). MUST LIST PRESIDENT AND SECRETARY BELOW

| Role | Name | Address |
|---|---|---|
| PRESIDENT | Davis, Todd Francis | 30 Hudson Yards, New York NY 10001-2170 |
| SECRETARY | Smith, Tara L. | 30 Hudson Yards, New York NY 10001-2170 |
| TREASURER | Wiedenfels, Gunnar | 30 Hudson Yards, New York NY 10001-2170 |
| TREASURER | Woodford, Fraser Martin | 30 Hudson Yards, New York NY 10001-2170 |

**B** BOARD OF DIRECTORS — NAME AND PHYSICAL ADDRESS (P.O. BOX ALONE NOT ACCEPTABLE). MUST LIST AT LEAST ONE DIRECTOR BELOW

| Name | Address |
|---|---|
| Davis, Todd Francis | 30 Hudson Yards, New York NY 10001-2170 USA |
| Woodford, Fraser Martin | 30 Hudson Yards, New York NY 10001-2170 USA |

NAMES AND ADDRESSES OF ALL OTHER OFFICERS AND DIRECTORS ARE ATTACHED

**4** The undersigned understands that false statements made in this report are punishable for the crime of making a false declaration under Section 575.060 RSMo. Photocopy or stamped signature not acceptable.

Authorized party or officer sign here:  Brooke Kerperien  (Required)

Please print name and title of signer:  Brooke Kerperien / Other
NAME / TITLE

REGISTRATION REPORT FEE IS:
__$20.00 If filed on or before 4/30/2023
__$35.00 If filed on or before 5/31/2023
__$50.00 If filed on or before 6/30/2023
__$65.00 If filed on or before 7/31/2023
ADD AN ADDITIONAL $25.00 FEE IF CHANGING THE RENEWAL MONTH.

WHEN THIS FORM IS ACCEPTED BY THE SECRETARY OF STATE, BY LAW IT WILL BECOME A PUBLIC DOCUMENT AND ALL INFORMATION PROVIDED IS SUBJECT TO PUBLIC DISCLOSURE

E-MAIL ADDRESS (OPTIONAL):

REQUIRED INFORMATION MUST BE COMPLETE OR THE REGISTRATION REPORT WILL BE REJECTED
RETURN COMPLETED REGISTRATION REPORT AND PAYMENT TO: Secretary of State, P.O. Box 778, Jefferson City, MO 65102